IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ARTHUR EDWARD SUAREZ JR.,<br>KENDRA DEANNE SINGLETARY,<br>DANA MICHAELLE STOKES,<br>TONY EUGENE BAHE,<br>NATHAN ALLEN LEWELLING,<br>KYLA MARISA BRADFORD,<br><br>Defendants. | Case No. 24-CR-0372-SEH |

**Unopposed In-Part and Opposed In-Part Motion for Protective Order**

The United States of America, moves the Court to enter a Protective Order for all discovery and investigative materials to include, but not be limited to, materials subject to Rule 6(e) of the Federal Rules of Criminal Procedure, and video and audio recordings, and in support thereof states as follows:

1.  The undersigned Assistant United States Attorney consulted with counsel for the Defendants: Kathrine Greubel on behalf of Arthur Suarez Jr., Taylor McLawhorn on behalf to Kendra Singletary, Jason Perkins on behalf of Dana Stokes, Michael Noland on behalf of Tony Bahe, Kara Pratt on behalf of Nathan Lewelling, and Collin Rockett on behalf of Kyla Bradford, regarding their position in reference to this *Motion* and Mr. McLawhorn, Mr. Perkins, Mr. Noland, Mr. Rockett, and Ms. Pratt have no objection to this *Motion*. Ms. Greubel objects to this

*Motion*.

2.   The Jencks Act requires that the Government, on motion of the Defendants, produce any "statement" of a witness it has called that relates to the subject matter to which the witness has testified. 18 U.S.C. § 3500(b)(1988). This material includes a transcript of grand jury testimony in which confidential informant(s) are identified by name. *Id.*, § 3500(b)&(e)(3); *United States v. Bailey*, 944 F.2d 911, 1991 WL 180087 (10th Cir. (Colo.)) (unpublished)(citing *United States v. Knowles*, 594 F.2d 753, 755 (9th Cir. 1979)).

3.   Fed. R. Crim P. 26.2(a) states that after a witness has testified on direct examination, the Defendant is entitled to a transcript of the grand jury testimony and investigative materials of the witness.

4.   Fed. R. Crim. P. 6(e)(1) gives the United States Attorney custody and control of grand jury transcripts until the Court orders otherwise. Rule 6(e)(2) states "an attorney for the government . . . shall not disclose matters occurring before the grand jury, except as otherwise provided in these rules." There are several exceptions to the rule, and one exception allows grand jury transcripts to be released when directed by the Court. Fed. R. Crim. P. 6(e)(3)(E)(i).

5.   It is the practice in this district to voluntarily disclose grand jury transcripts and investigative materials during discovery, thereby preventing delays during the trial.

6.   The government's evidence in this case relies, in part, on information provided by cooperators. Information provided by cooperators is documented in law

2

enforcement reports and grand jury transcripts.

7. Additionally, this investigation includes audio and video recordings of cooperators or informants. There are known dangers to the cooperators and informants in this case that require a protective order be in place. It is the Government's belief that if the video of cooperators or informants are leaked, harm could come to those cooperators or informants.

8. Although a federal Grand Jury returned an Indictment in this matter, indicted and unindicted co-conspirators remain at-large.

9. There are other members of the criminal organization who are not in custody and could be alerted to this investigation if a protective order is not in place.

10. In order to protect individuals who have provided assistance in the criminal investigation and could be potentially targeted, threatened and intimidated,[1] to protect the ongoing investigation, prevent the destruction of evidence, prevent targets from becoming fugitives, to protect the sanctity and the secrecy of the grand jury process, prevent the intimidation of others who may have cooperated previously or are now cooperating and to protect the Government's attorney if she discloses to Defendants' counsel, prior to trial, grand jury and other investigative materials which

---

[1] Cooperating witnesses and confidential informants are regarded as "snitches" or "rats" by their criminal associates. Dissemination of these individuals' statements poses obvious dangers, especially where they are incarcerated in the same facility. The argument that letting the defendant read the material allows him to talk about what he read is no different than providing the written documents ignores the obvious when dealing with criminals. It is not the same kind of damage. Documentary evidence of a witness's betrayal is more compelling than a verbal statement because there is an actual writing or a piece of paper containing information which can facilitate retaliation or intimidation of a witness.

must be disclosed under normal circumstances pursuant to the dictates of the *Jencks Act*, 18 U.S.C. § 3500; Fed. R. Crim. P. 16; *United States v. Giglio*, 405 U.S. 150 (1972); and *Brady v. Maryland*, 373 U.S. 83 (1963), a protective order should be entered for all documents provided to the Defendant and defense counsel in this case.

11. All discovery provided, regardless of how it is labeled will be protected under this Protective Order because of the sheer amount of discovery.

12. The Protective Order should include the following restrictions:

   a. Defense counsel shall not show the discovery to anyone except the defendant, attorneys of record in this case, and those persons hired by the attorney; this includes expert witnesses who are necessary to assist counsel of record in preparation for trial;

   b. Defense counsel shall not distribute the discovery for any purpose other than to those individuals identified in paragraph c;

   c. Defense counsel shall not copy the discovery to give to any person or party, including the defendant, expect for those persons hired by the attorney including expert witnesses who are necessary to assist counsel of record in preparation for trial. Defense counsel must maintain complete custody and control over the discovery, including all copies, except defense counsel shall be permitted to send, by secure electronic means, copies to persons hired by the attorney who are necessary to assist counsel of record in preparation for trial; and

   d. Defense counsel shall notify any person that is shown or receives a copy of the discovery, pursuant to this Protective Order, that they are bound by the restrictions of this Protective Order, of the need to keep the discovery secure, and that they must shred any copies of, and destroy any electronic links to, the discovery when the above-captioned case is complete.

13. The requested restrictions do not prevent the defendant(s) from reviewing the discovery in defense counsel's presence during attorney-client interviews/meetings,

however the defendant is not allowed to keep or maintain a copy of the discovery. Defense counsel may discuss the above-captioned case with co-counsel or anyone counsel has hired in preparation for trial. Additionally, the parties agree that defense counsel may show witnesses their own statements or transcripts.

14. Fed. R. Crim. P. 16(d)(1) provides that the Court may "for good cause, deny, restrict or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). The Supreme Court has noted that the courts may use protective orders to restrict the use of materials produced in discovery. Where appropriate, a trial court can and should place a defendant and his attorney under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect. *Alderman v. United States*, 394 U.S. 165, 185 (1969).

15. In light of the propensity for violence of some defendants and the fact that all members of the organization are not in custody, a Protective Order is necessary in this case.

16. Additionally, there is a significant amount of personal identification information in the discovery that includes, but is not limited to bank records, social security numbers, date of birth, home addresses, and other such information that could cause serious harm if released. This information is voluminous and would be extremely difficult to separate and/or redact in a timely manner—this includes editing a large amount of audio/video evidence.

WHEREFORE, the United States respectfully requests that the Court enter a protective order for all discovery and investigative materials to include, but not be

limited to, materials subject to Rule 6(e) of the Federal Rules of Criminal Procedure, law enforcement reports, video recordings and audio recordings generated through the criminal investigation.

At the time of this *Motion*, Defendants Kenneth Wayne Toney, Osman Rolando Sanchez, and Jeremy Nathaniel Stage remain at large with an active federal arrest warrants.

Respectfully Submitted,

CLINTON J. JOHNSON
UNITED STATES ATTORNEY


　　*/s/ Mandy M. Mackenzie*
Mandy M Mackenzie, WABA No. 55836
Assistant United States Attorney
110 West 7th Street, Suite 300
Tulsa, OK 74119-1013
918-382-2700

## Certificate of Service

I hereby certify that on the 18th day of December, 2024, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant:

| | |
|---|---|
| Kathrine Greubel<br>*Defense Counsel for Suarez Jr.* | Taylor McLawhorn<br>*Defense Counsel for Singletary* |
| Jason Perkins<br>*Defense Counsel for Stokes* | Michael Noland<br>*Defense Counsel for Bahe* |
| Kara Pratt<br>*Defense Counsel for Lewelling* | Collin Rockett<br>*Defense Counsel for Bradford* |

                                        */s/ Mandy M. Mackenzie*
                                        Mandy M. Mackenzie
                                        Assistant United States Attorney